## C. M. HART *v.* R. A. STEWART.

The Article 456 of the Code of Practice does not refer to the award of amicable compounders. Where there is no allegation of fraud or other malpractice the homologation of the award of amicable compounders should be made on motion without any delay being granted to the adverse party.

APPEAL from the District Court of St. Bernard, *Rousseau*, J.

*R. & R. H. Marr*, for plaintiff.    *R. A. Upton*, for defendant and appellant.

COLE, J.    The only question in this case is whether, when it is agreed to leave the decision of the case to amicable compounders, and their award is to be final, whether a party can ask to have the award homologated when the counsel of the other party is present in court, and when no allegation of fraud or other malpractice are set up, without following the provisions of Art. 456 of the Code of Practice, and calling upon the adverse party to show cause within ten days after the notice of such motion shall have been served on him, why such report or award should not be homologated.

We think that the notice of ten days in the case at bar was not necessary, because Articles 459 and 460 of the Code of Practice declare that the court cannot revise the award of amicable compounders.

Art. 456 of the Code of Practice does not refer to the award of amicable compounders : for there would be no use to give the notice when the court has not the power to rectify the errors in the award.

The reason of this is found partly in Art. 3077 of the Civil Code, "Amicable compounders are authorized to abate something of the strictness of the law in favor of the natural equity."

The court cannot correct what may appear to it errors, for they may have been caused by yielding to the dictates of equity.

If appellant had suggested fraud or malpractice at the time the motion was made to homologate, it would have been proper for the court to have granted delay, but no such suggestions were made.

Art. 456 of the Code of Practice evidently refers to ordinary errors which may exist in the award, and requires a notice of ten days to the opposite party to give him an opportunity of alleging them ; and as courts have not the right of correcting them in the awards of amicable compounders, this notice is not then necessary when made by this class of arbitrators.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.

MERRICK, C. J., concurring.    I think the same notice is required in the case of the award of amicable compounders as in the case of arbitrators.    C. C., 3077.    Although the award of the amicable compounders cannot be set aside for the causes for which an award may be annulled, still the rule or motion is important as there may be a good reason why the award of amicable compounders should not be homologated ; such as informalities in their proceedings, the want of the oath, or the investigation and decision of matters not submitted to them.

But in the present case the defendant has waived the motion and notice by voluntarily excepting to the award.    In my opinion this exception formed an

issue which ought regularly to have been set down for trial, and judgment thereon rendered.

But the defendant does not complain that his cause was not set down for trial, but, that it was tried when it was not at issue for want of a written motion to homologate.

I, therefore, think the judgment ought to be affirmed.

VOORHIES, J., concurring. After the joinder of issue in the court below, the parties litigant agreed to submit to amicable compounders the matter in dispute between them, and to abide by their award, which should be final. In case of disagreement, the amicable compounders were to select an umpire, which was done. The litigants also agreed to waive the oath and all other formalities required by law to be observed by the amicable compounders.

An award made in accordance with this agreement was filed in the court below on the 18th of June, 1856. Twelve days after, the defendant filed a petition alleging that the award contained errors to his prejudice, and praying that the said award might be examined on its merits; and, after due hearing and oyer, reversed and annulled, and judgment rendered in his favor according to the nature of the case, &c.

The motion of the plaintiff to homologate the award was made on the 6th of October, 1856.

It is perfectly clear, that the award could not be disturbed by the Judge, whose duty was limited merely to its homologation as it stood, in order that it might have the effect of a definitive judgment. And the award does not appear to have been assailed on any legal grounds.

I am, therefore, of the opinion, that the defendant must, under these circumstances, be considered as having waived the ten days notice, if such notice be essential, to show cause why the award should not be homologated.

For this reason I concur in the conclusion of Mr. Justice Cole for the affirmance of the judgment of the court below.